# UNITED STATES DISTRICT Court

## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** (For a Petty Offense) |
|---|---|
| v. | CASE NUMBER:  11-PO-00105-DLW<br>U.S. MARSHAL NO.: 37927-013 |
| COREY RICHARDS | KATHARINE WHITNEY<br>(Defendant's Attorney) |

**THE DEFENDANT:** Plead Guilty to Count I of the Information.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 113(a)(5) and 1152 | Simple Assault Committed in Indian Country | 01/27/11 | I |

The Defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant shall notify the Court and United States Attorney of any material change in the Defendant's economic circumstances.

November 4, 2011 updated November 28, 2011
Date of Imposition of Judgment

s/David L. West
Signature of Judicial Officer

David L. West, U.S. Magistrate Judge
Name & Title of Judicial Officer

May 1, 2012
Date

DEFENDANT: COREY RICHARDS
CASE NUMBER: 11-PO-00105-DLW                                                Judgment-Page 2 of 7

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six (6) months.

The Court recommends to the Bureau of Prisons that the Defendant shall be given credit for time served of sixty-three (63) days.

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: COREY RICHARDS
CASE NUMBER: 11-PO-00105-DLW

Judgment-Page 3 of 7

# PROBATION

The Defendant is hereby placed on supervised probation for a term of two (2) years.

The Defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

The Defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The Defendant shall cooperate in the collection of a DNA sample from the Defendant as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the Defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The Defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The Defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The Defendant shall not leave the judicial district without the permission of the Court or probation officer.
2) The Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The Defendant shall support his dependents and meet other family responsibilities.
5) The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The Defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the Defendant shall notify third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

14) The Defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The Defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer. The Defendant shall abstain from the use of any alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer. The Defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

   The Defendant shall take all medications as prescribed by his psychiatrist or physician and be randomly blood tested for those medications.

   The Defendant shall enroll in and successfully complete the Circle Program offered by the Colorado State Hospital, Pueblo, Colorado. The Defendant shall comply with all rules, regulations and policies set by the Circle Program and Colorado State Hospital. The Defendant shall remain in the Circle Program until released from the program by the probation officer.

   Upon completion of the Circle Program, and within the discretion of the probation officer, the Defendant shall enroll in and complete the residential treatment program at Peaceful Spirit, Ignacio, Colorado, and live within all of the rules and regulations of that program.

3) The Defendant shall attend and complete a course of cultural and traditional values of the Southern Ute Indian Tribe as directed by the probation officer.

4) The Defendant shall pay restitution in full to the U. S. District Court, c/o Carol Henderson, 901 19th Street, Denver, Colorado 80294 for the benefit of Summit Supply in the amount of $2,342.92 by May 1, 2012.

DEFENDANT:  COREY RICHARDS
CASE NUMBER:  11-PO-00105-DLW                                              Judgment-Page 5 of 7

5)    The Defendant shall pay restitution in the amount of $8,030.37 to the U. S. District Court, c/o Carol Henderson, 901 19th Street, Denver, Colorado 80294 for the benefit of the Hartford Insurance Company at the rate of $500.00 per month beginning June 1, 2012.

DEFENDANT: COREY RICHARDS
CASE NUMBER: 11-PO-00105-DLW

Judgment-Page 6 of 7

## MONETARY OBLIGATIONS

The Defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | CVB | Fine | Restitution |
|---|---|---|---|---|
| I | $10.00 | 0 | $0.00 | $10,373.29 |
| **TOTALS** | $10.00 | | $0.00 | $10,373.29 |

The Defendant shall make restitution to the following payees in the amounts listed below. If the Defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Summit Supply Company<br>5092 County Road 302<br>Durango, Colorado | | $2,342.92 | |
| Hartford Insurance Company<br>P. O. Box 13827<br>Sacramento, California 95653-4827 | | $8,030.37 | |
| **TOTALS** | | $10,373.29 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: COREY RICHARDS  
CASE NUMBER: 11-PO-00105-DLW                                           Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the Defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

1) The Defendant shall pay restitution in full to the U. S. District Court, c/o Carol Henderson, 901 19th Street, Denver, Colorado 80294 for the benefit of Summit Supply in the amount of $2,342.92 by May 1, 2012.

2) The Defendant shall pay restitution in the amount of $8,030.37 to the U. S. District Court, c/o Carol Henderson, 901 19th Street, Denver, Colorado 80294 for the benefit of the Hartford Insurance Company at the rate of $500.00 per month beginning June 1, 2012.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

The Defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal, (3) restitution interest.

The interest requirement is waived for restitution.